UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRECENCIO HERNANDEZ,<br><br>        Petitioner,<br><br>v.<br><br>PAMELA BONDI, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of DHS; TODD LYONS, Director of ICE; and CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center,<br><br>        Respondents. | Case No.: 26-cv-2676-JES-DDL<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Crecencio Hernandez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on April 27, 2026. ECF No. 1 ("Pet."). Pursuant to the Court's order, Respondents filed a Return to the Petition. ECF No. 10 ("Return"). After due consideration and for the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the petition.

## I.  BACKGROUND

Petitioner is a native and citizen of Mexico who became a lawful permanent resident of the United States in 2006. Return at 2. On June 25, 2020, Petitioner was convicted of arson and sentenced to 16 months in prison. *Id*. On November 14, 2024, Petitioner was

convicted for Assault by Means of Force Likely to Produce Great Bodily Injury and sentenced to three years in prison. *Id.*

Petitioner was detained by Respondents on June 25, 2025, on grounds of Respondents charging him with deportability/removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for his criminal convictions. *Id.* Petitioner was ordered removed on November 21, 2025, and appealed his order of removal. *Id.* at 3. His appeal is still pending. *Id.*

On February 27, 2026, Petitioner was granted a bond hearing, at which bond was denied. *Id.*

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

Petitioner argues that he is entitled to release under *Zadvydas* because he has been detained by Respondents for more than a year. Pet at 2. In the Return, Respondents argue,

26-cv-2676-JES-DDL

*inter alia*,[1] that Petitioner is detained under 8 U.S.C. § 1226(a), and that the only proper remedy for his prolonged detention is a bond hearing, which has already been granted. Return at 3-4.

Respondents are correct. While Petitioner raises a *Zadvydas* claim for release, *Zadvydas v. Davis* applies to individuals subject to a final order of removal. *See* 533 U.S. at 680. Because Petitioner has appealed his order of removal, it is not yet final. What's more, *Zadvydas* claims typically arise after the six-month period of presumptively reasonable detention ends following a final order of removal. *See id.* On the face of the Petition, the only remedy that could be available to Petitioner is a bond hearing.

District courts in the Ninth Circuit have applied the *Mathews v. Eldridge*, 424 U.S. 319 (1976), test when addressing due process where a petitioner has already been afforded at a least one bond hearing. *See, e.g., Sahota v. Allen,* No. 20-CV-03180-WHO, 2020 WL 2992872, at *6 (N.D. Cal. June 4, 2020) (using *Mathews* framework to determine whether bond hearing was appropriate where petitioner's last bond hearing was two years prior); *Rubin v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. 2:24-CV-00260-TL-TLF, 2024 WL 3431914, at *6 (W.D. Wash. June 28, 2024) ("Because petitioner has already received a bond hearing (at which the Government had the burden), the Court should apply the Mathews test in this case."); *Singh v. United States Immigr. & Customs Enf't*, No. 2:22-CV-00548-BHS-TLF, 2023 WL 4627819, at *7 (W.D. Wash. Mar. 17, 2023) ("[W]here a petitioner has already had a hearing, courts in this District have applied the *Mathews* test to determine whether an additional bond hearing is required."); *Espinoza v. Wofford*, No. 1:24-CV-01118-SAB-HC, 2025 WL 1556590, at *12 (E.D. Cal. June 2,

---

[1] Respondents also raise arguments regarding administrative exhaustion and jurisdiction which are substantively identical to those addressed by the undersigned in *Chiapot Perez v. Immigration and Customs Enforcement*, No. 26-CV-2393-JES-AHG, 2026 WL 1333755 (S.D. Cal. May 13, 2026). The Court adopts its reasoning in that case by reference here, finds that it has jurisdiction to hear this claim, and addresses only arguments cognizable on habeas in this order. *See id.*

26-cv-2676-JES-DDL

2025) ("Here, as Petitioner has already received a bond hearing and is seeking a second bond hearing, the Court finds that the three-part test set forth in [*Mathews*] is applicable."); *Ortuno-Perez v. ICE Field Off. Dir.*, No. 2:23-CV-344-BHS-DWC, 2023 WL 5807305, at *4–5 (W.D. Wash. Aug. 1, 2023) ("Where a petitioner has already had a bond hearing, courts in this District have applied the test set forth in [*Mathews*] to determine whether an additional bond hearing is required.").

Under *Mathews*, the Court must consider three factors: "(1) the private interest at stake; (2) the risk of an erroneous deprivation of the private interest at stake through the procedures used, and the probable value, if any, of additional procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that any additional procedural requirements would entail. 424 U.S. at 335.

As to the first factor, it is indisputable that "the private interest at issue here is 'fundamental': freedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects."); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) ("We have also held, more generally, that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'"). While courts have considered the relative strength of this interest at different stages of the removal process, they have generally rejected the government's efforts to meaningfully distinguish between the liberty interests of detainees at various stages and detention under different provisions of the INA. *See Rubin*, 2024 WL 3431914, at *7. However, the Ninth Circuit has cautioned that courts should not "overstate the strength of [Petitioner]'s showing under the first Mathews factor." *Rodriguez Diaz*, 53 F.4th at 1207. "[W]e cannot simply count his months of detention and leave it at that. We must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his

decision to challenge his removal order." *Id.* Here, Petitioner's detention had become prolonged. However, courts have recognized that this interest is "somewhat diminished" where petitioners have had a prior bond hearing. *See Alvarez v. Beccerra*, No. 1:26-CV-00008 DC SCR, 2026 WL 295552, at *4 (E.D. Cal. Feb. 4, 2026). Petitioner does not raise any concerns with the validity of the bond hearing in his petition. Thus, the Court finds that this factor weighs slightly in favor of Petitioner.

In evaluating the second *Mathews* factor, "the Ninth Circuit has looked to whether the detainee has a statutory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention." *Jensen v. Garland*, No. 5:21-cv-01195-CAS (AFM), 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023) (citing *Rodriguez Diaz*, 53 F.4th at 1209-10). Generally, where a noncitizen has been afforded some process, "the risk of an erroneous deprivation of his liberty interest and the value of additional procedures is very low unless he can demonstrate a material change in circumstances since his last bond hearing." *Rubin*, 2024 WL 3431914, at *8. In evaluating this factor, courts may take into consideration when Petitioner's last bond hearing was held and whether Petitioner has articulated any changed circumstances. Here, Petitioner's last bond hearing was held in February, about three months ago. This falls short of the length of time where courts generally find this factors tips to Petitioner. *See, e.g., Alvarez*, 2026 WL 295552, at *6 (finding factor weighed against petitioner where previous bond hearing was a year ago); *Cruz-Olvera v. Henkey*, No. 2:26-CV-00218-CDS-EJY, 2026 WL 658917, at *5 (D. Nev. Mar. 6, 2026) (finding factor weighed against petitioner where previous bond hearing was six months ago); *but see Sahota*, 2020 WL 2992872, at *6 (finding factor weighed for petitioner where previous bond hearing was one and a half years ago). In addition, Petitioner has not articulated any changed circumstances that may affect the bond determination. Thus, the Court concludes that this factor weighs against Petitioner.

As to the third factor, it is similarly indisputable that the government has strong interests in enforcing the INA's statutory framework for detention of "noncitizens whom

Congress has deemed pose a flight risk or danger to the community based on their offenses." *Rubin*, 2024 WL 3431914, at \*7. It also has a strong interest in the "[e]nforcement of [the] immigration laws," particularly paying attention to the sovereign interests at stake in the immigration context. *Rodriguez Diaz*, 53 F.4th at 1208. However, courts have distinguished the strength of this interest depending on whether the noncitizen seeks release or another bond hearing. Governmental interests in enforcing immigration laws in general may be substantial, but in the context of whether to provide Petitioner with another bond hearing or not, this interest may be diminished if another bond hearing is sought because "courts generally have found that the cost of providing a bond hearing is relatively minimal" and usually, providing another bond hearing would not be "fiscally or administratively burdensome." *Eliazar G.C. v. Wofford*, No. 1:24-CV-01032-EPG-HC, 2025 WL 711190, at \*8 (E.D. Cal. Mar. 5, 2025). Here, the government's interest is mitigated by the "minimal cost," but this must be balanced against Petitioner's lack of any expressed changed circumstances since his last bond hearing. Thus, the Court finds that this factor tips in favor of the government.

In conclusion, weighing the *Mathews* factors overall, the Court concludes that due process does not require ordering another bond hearing for Petitioner at this time.

### IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** Petitioner's writ of habeas corpus. The Clerk of Court is **ORDERED** to **CLOSE** this case

**IT IS SO ORDERED.**

Dated: May 26, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

6

26-cv-2676-JES-DDL